IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LOUIS SULLIVAN,

    Petitioner,

v.

GLEN AUSTIN, Warden, Graham
Correctional Center,

    Respondent.

Case No. 22-CV-02190-SPM

# MEMORANDUM AND ORDER

**McGLYNN, District Judge:**

    Petitioner Louis Sullivan, who is currently incarcerated in Graham Correctional Center, brings this habeas corpus action pursuant to 28 U.S.C. § 2254 (Doc. 1). Sullivan is serving a twenty-year prison sentence for first degree murder. He previously filed a § 2254 with this Court related to his guilty plea in Illinois State Court. *See* SDIL Case No. 16-CV-1021-DRH. In that case, the Court ruled that Sullivan failed to exhaust administrative remedies because he affirmatively stated that he currently had an appeal pending in the Fifth Judicial District of the Illinois Court of Appeals, which raised that same issues. According to Petitioner, in the interim, that Court remanded his appeal back to the Third Judicial Circuit of Illinois in Madison County to file a new motion to withdraw his guilty plea. According to Madison County records, Petitioner's motion is set for hearing on November 17, 2022. Although state court proceedings are on-going, Sullivan asks this Court to set aside exhaustion requirements due to inordinate delay of the state court proceedings.

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Title 28 U.S.C. § 2254(a) grants federal courts jurisdiction to entertain an application for a writ of habeas corpus on behalf of a person who is in custody pursuant to a judgment of a state court on the ground that the person is in custody in violation of the Constitution or laws or treaties of the United States. Before a state prisoner's claims may be addressed in federal court, however, the law requires him to exhaust his state court remedies or show cause and prejudice for his failure to exhaust. 28 U.S.C. § 2254(b)(1); *McAtee v. Cowan*, 250 F.3d 506, 508-09 (7th Cir. 2001).

In order to exhaust his remedies, a state prisoner must fairly present his claims in each appropriate state court including a state supreme court with powers of discretionary review. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). State prisoners "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). A prisoner need not pursue all separate state remedies that are available to him, but he must give the state courts "one fair opportunity to pass upon and correct the alleged violations." *McAtee*, 250 F.3d at 509; *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991) ("Exhaustion is accomplished when claims have been presented to the highest state court for a ruling on the merits, or, when the claims could not be brought in state court because no remedies remain

available at the time the federal petition is filed."). If a petitioner "has the right under the law of the State to raise, by any available procedure, the question presented," a petitioner will not be deemed to have exhausted the remedies available in state court. *See* 28 U.S.C. § 2254(c).

Sullivan is currently in the process of exhausting his state court remedies. That said, the Seventh Circuit has suggested that unjustifiable delays in a direct criminal appeal may excuse a state petitioner from the exhaustion requirement and even give rise to an independent due process claim under the Fourteenth Amendment. *Allen v. Duckworth*, 6 F.3d 458 (7th Cir. 1993) (assuming, without deciding, that excessive delay in state criminal appeal may amount to a denial of due process). But Sullvan's § 2254 petition focuses on his motion to withdraw in Illinois circuit court, which is required before an appeal is taken. *See* Ill. Sup.Ct. Rule 604(d) ("No appeal from a judgment entered upon a plea of guilty shall be taken unless the defendant, within 30 days of the date on which sentence is imposed, files in the trial court a motion to reconsider the sentence . . . or, if the plea is being challenged, a motion to withdraw the plea of guilty and vacate the judgment.").

Additionally, dismissal without prejudice will not effectively end any chance of federal habeas review. *See Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008). The one-year statute of limitations is tolled during the pendency of a "properly-filed" state post-conviction petition. 28 U.S.C. § 2244(d)(2). Thus, Sullivan will have a full year to file a timely § 2254 petition after the conclusion of his state postconviction proceedings.

## DISPOSITION

For the reasons stated above, the instant habeas Petition is **DISMISSED**

**without prejudice**. If necessary, Sullivan may re-file his claims raised herein after his state court remedies are fully exhausted, so long as he does so within the applicable time limits. See 28 U.S.C. § 2244(d)(1).

### CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases, this Court must "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate should be issued only where the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

In order for a certificate of appealability to issue, a petitioner must show that "reasonable jurists" would find this Court's "assessment of the constitutional claims debatable or wrong." *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Here, no reasonable jurist would find it debatable whether this Court's rulings were correct. Accordingly, the Court denies a certificate of appealability.

Petitioner may reapply for a certificate of appealability to the United States Court of Appeals for the Seventh Circuit. *See* Fed. R. App. P. 22(b); 28 U.S.C. § 2253(c)(1).

**IT IS SO ORDERED.**

**DATED:**   September 27, 2022

s/ *Stephen P. McGlynn*
STEPHEN P. McGLYNN
U.S. District Judge
